**Dalton FRAZIER, Petitioner,**

v.

**E. L. PADERICK, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 74–C–34–C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Oct. 21, 1974.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

Dalton Frazier has petitioned this court for a writ of habeas corpus. Frazier is currently detained by respondent, E. L. Paderick, at the Virginia State Penitentiary where he is serving a twenty year sentence for second degree murder. Petitioner was convicted by a jury in the Corporation Court of the City of Charlottesville on March 28, 1972. By order of this court, dated August 14, 1974, petitioner was allowed to proceed *in forma pauperis*. As this is a *pro se* action, the court will construe his pleadings with utmost liberality.

Petitioner alleges two grounds for the granting of federal habeas corpus relief: The first ground is discrimination in the grand jury; the second ground is that the trial jury was not impartial. Respondent has filed a motion to dismiss both grounds. As to the first ground, respondent states that petitioner has not exhausted his state remedies; as to ground two, respondent states that this claim was ordered dismissed by this court in an earlier opinion.

This court finds that petitioner has not presented the claim of discrimination in the grand jury to the Courts of the Commonwealth of Virginia for consideration. Therefore, this court will not consider this claim until petitioner has first exhausted his state remedies and the action upon this claim is hereby ordered dismissed.

This court also finds that respondent is correct in stating that the claim regarding the impartiality of the trial jury was the subject matter of a previous petition which this court ordered dismissed. In Frazier v. Oliver, Civil Action No. 72–C–33–C, January 8, 1973, this court held that "there is no evidence here of a fixed opinion sufficient to deny the petitioner an impartial trial such as would violate due process." Since no additional evidence concerning the lack of an impartial jury has been presented in Frazier's latest petition,

this court will not alter its previous determination of this issue. Therefore, it orders the claim dismissed.

For the above reasons, it is ordered that petitioner's claim be dismissed.

The clerk is directed to send a certified copy of this opinion and judgment to petitioner and to counsel for respondent.